UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN LANTRIP,<br><br>                    Petitioner,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br><br>                    Respondent. | Case No. 2:15-cv-00004-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Robin Lantrip's Petition for Review of Respondent's denial of social security benefits, filed January 5, 2015.[1] (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR). For the reasons that follow, the Court will affirm the decision of the Commissioner.

---

[1] Petitioner filed the document as "Complaint," but the Court will construe it as a Petition for Review of the Respondent's denial of social security benefits.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on May 2, 2011, claiming disability beginning August 1, 2008, due to musculoskeletal impairments of the spine and left knee. This application was denied initially and on reconsideration, and a hearing was held on May 2, 2013, before Administrative Law Judge (ALJ) R.J. Payne. After hearing testimony from Petitioner and an impartial medical expert, Minh D. Vu, M.D., ALJ Payne issued a decision finding Petitioner not disabled on May 31, 2013. Petitioner timely requested review by the Appeals Council, which denied her request for review on November 6, 2014. Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 64 years of age. Petitioner completed four or more years of college and her prior work experience includes work as a tax administrator for the state of California.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Petitioner bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date, August 1, 2008. At step two, it must be

**MEMORANDUM DECISION AND ORDER - 2**

Case 2:15-cv-00004-CWD   Document 26   Filed 03/09/16   Page 3 of 13


determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's musculoskeletal impairments of the spine and left knee were severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found Petitioner's impairments did not meet or equal the criteria for the listed impairments.  Specifically, the ALJ found Petitioner's degenerative disk disease of the spine did not meet the requirements of Listing 1.04 (disorders of the spine), and Petitioner's muskoloskeletal impairment of the left knee did not meet the requirements of Listing 1.02 (major dysfunction of a joint). If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found Petitioner had the RFC to perform a "wide range of light work" and could perform:

> work that does not involve lifting and/or carrying more than a maximum of 20 pounds occasionally or more than a maximum of 10 pounds frequently. She can sit, stand, and walk for 6 hours each in an 8-hour workday with normal breaks. The claimant can perform work that does not involve more than occasional overhead reaching with the bilateral upper extremities. She can also perform work that does not involve more than occasional balancing, bending, stooping, kneeling, crouching, or crawling; no climbing of ladders, ropes, or scaffolds and should avoid concentrated exposure to unprotected heights or hazardous moving machinery.

(Dkt. 14-2 at 16.) Considering these limitations, the ALJ determined Petitioner was capable of performing her past relevant work as a tax administrator as she actually

**MEMORANDUM DECISION AND ORDER - 3**

performed it. (Dkt. 14-2 at 21.) Accordingly, the ALJ did not proceed to step five[2]

because Petitioner did not demonstrate an inability to perform past relevant work.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because

of the inability "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see*

*also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).

An individual will be determined to be disabled only if her physical or mental

impairments are of such severity that she not only cannot do her previous work but is

unable, considering her age, education, and work experience, to engage in any other kind

of substantial gainful work which exists in the national economy. 42 U.S.C. §

423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if

the decision is supported by substantial evidence and is not the product of legal error. 42

U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474

(1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v.*

*Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[2] At step five, if the claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education, and work experience.

**MEMORANDUM DECISION AND ORDER - 4**

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th

**MEMORANDUM DECISION AND ORDER - 5**

Cir. 1993).

## DISCUSSION

Petitioner contends the ALJ erred at step four by determining Petitioner was able to perform her past relevant work as a tax administrator as she actually performed it. Petitioner asserts the ALJ erred because he failed to consider evidence that Petitioner medically retired from her job as a tax administrator with the California Retirement System (calPERS), and that she had been working in an accommodated position for several years prior to retirement.[3] Petitioner further argues the ALJ erred by failing to consider additional evidence, such as Vocational Expert (VE) testimony or the *Dictionary of Occupational Titles* (DOT), at any stage of the proceedings to determine the physical and mental demands the job "tax administrator" actually required.

### 1. CalPERS Determination

Petitioner asserts she provided the ALJ with evidence she was determined unable to perform her job as a tax administrator by the California Retirement System (calPERS). Petitioner testified the State of California recognized she was "disabled" because she "retired on disability" from her position as tax administrator. (Dkt. 14-2 at 51-52.)

Under 20 C.F.R. § 404.1504, the ALJ is not bound by any decisions of a non-governmental or governmental agency that a claimant is disabled, such as a state retirement program, in social security determinations. However, the ALJ is "required to

---

[3] Petitioner testified accommodations at her job included an adjustable chair and footrest, hand pads, and mouse controls. (Dkt. 17 at 4.) She also wrote on the *Disability Report-Adult-Form SSA-3368* "large things were carried by others for me." (Dkt. 14-6 at 7-8.)

evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. Therefore, evidence of a disability decision by another governmental or non-governmental agency cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939 at *6.

Thus, the ALJ should have considered and discussed in his opinion his evaluation of the calPERS' determination that Petitioner could "retire on disability." The ALJ's failure to mention the calPERS' decision leaves unclear what weight, if any, the ALJ gave to the determination. Although the ALJ erred by omitting an analysis of the calPERS determination in his disability decision, it was harmless error. An error is harmless when the error did not prejudice the claimant or was irrelevant to the ALJ's ultimate disability conclusion. *Stout v. Commissioner, Soc. Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Here, calPERS' determination is not relevant to the ALJ's ultimate conclusion that Petitioner could perform her past relevant work as it was actually performed. First, calPERS' decision is non-binding in social security determinations. Second, Petitioner presented no evidence regarding the standard calPERS used in its determination that Petitioner could "retire on disability." In other words, there is no information what limitations calPERS considered in making its determination. The ALJ considered Petitioner's testimony about her limitations and found Petitioner's limitations did not limit her to the extent she claimed based on a consideration of the substantial evidence in

**MEMORANDUM DECISION AND ORDER - 7**

the record. Petitioner did not carry her burden of establishing why calPERS'

determination should carry any weight in the ALJ's disability determination or his

conclusions at step four. Accordingly, the ALJ's error was harmless.

### 2. Past Relevant Work

At step four, the ALJ concluded Petitioner was capable of performing her past

relevant work as a tax administrator as it was actually performed because the job did not

involve tasks precluded by her RFC. (Dkt. 14-2 at 21.) Petitioner bears the burden of

proving she cannot perform her past relevant work as it was actually performed. 20

C.F.R. § 404.1512(a).

The Social Security Administration defines "past relevant work" as "work you

have done within the past 15 years, that was substantial gainful activity, and that lasted

long enough for you to learn to do it." 20 C.F.R. § 404.1565(a). The regulations further

describe that "substantial gainful activity is work activity that is both substantial and

gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves

doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Gainful work

activity is work activity that you do for pay or profit." 20 C.F.R. § 404.1572(b). To

determine whether a job is considered substantial gainful activity, an ALJ must also

consider the nature of the work, how well claimant performed the work, if the work was

performed under special conditions, and time spent at the work. 20 C.F.R. § 404.1573.

Work performed under special conditions, "such as work done in a sheltered

workshop or as a patient in a hospital," may not be considered substantial gainful activity.

**MEMORANDUM DECISION AND ORDER - 8**

20 C.F.R. § 404.1573(c). But, work done with minor accommodations is not necessarily work performed under "special conditions" that would preclude it from being considered substantial gainful activity. *See Katz v. Sec. Health & Hum. Servs.*, 972 F.2d 290, 294 (9th Cir. 1992). In *Katz*, the claimant's employer allowed the claimant to work with minor accommodations that included receiving help moving into a smaller office away from noise distractions. *Id.* The Court of Appeals for the Ninth Circuit held the job modifications allowed by the claimant's employer were relatively minor and not the equivalent of a "sheltered workshop." *Id.*

Petitioner does not dispute her prior job working as a tax administrator for 15 years constitutes "past relevant work." Petitioner asserts instead that her previous job as a tax administrator is not past relevant work to which she could potentially return, because, at least towards the end of her career, it was performed with accommodations. (Dkt. 17 at 4.) Petitioner argues the ALJ erred by using Petitioner's job description as stated in her *Disability Report-Adult-Form SSA-3368* (Dkt. 14-6 at 7–8), which described an accommodated position, to determine she could perform her past relevant work as it was "actually performed." The Commissioner counters, arguing that Petitioner's accommodations for working as a tax administrator were "relatively minor and did not impair her ability to do her job duties of supervision, report assessment, meetings, and project management."  (Dkt. 22 at 7.)

An ALJ may determine a claimant retains the capacity to perform her past relevant work in three circumstances: (1) if the claimant retains the capacity to perform a past

relevant job based on a broad, occupational classification of the job; (2) if the claimant

retains the capacity to perform the particular functional demands and job duties specific

to a previous job as she actually performed it; or (3) if the claimant retains the capacity to

perform the functional demands and duties of the job as ordinarily required by employers

throughout the national economy. SSR 82-61, 1982 WL 31387. Here, the ALJ applied the

second test and found Petitioner capable of performing her past relevant work as a tax

administrator as it was actually performed. (Dkt. 14-2 at 21.)

An ALJ may find a claimant is not disabled if she can perform past relevant work

"either as actually performed or as generally performed in the national economy." *Lewis*

*v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citing *Pinto*, 249 F.3d at 845). The

Ninth Circuit has "never required explicit findings at step four regarding a claimant's past

relevant work both as generally performed and as actually performed." *Pinto v.*

*Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). "[T]he claimant is the primary source for

vocational documentation, and statements by the claimant regarding past work are

generally sufficient for determining skill level; exertional demands and nonexertional

demands of such work." SSR 82-62, 1982 WL 31386; *see also Matthews v. Shalala*, 10

F.3d 678, 681 (9th Cir. 1993) (discussing that a claimant's description of past work is

considered highly probative).

The ALJ referenced Exhibit 2E, Petitioner's *Disability Report-Adult-Form SSA-*

*3368*, in his conclusion that Petitioner was able to perform her past relevant work as it

was actually performed, which included Petitioner's description of the physical demands

**MEMORANDUM DECISION AND ORDER - 10**

of her job as a tax administrator. (Dkt. 14-6 at 7–8.) Petitioner contends that, although the work description in the *Disability Report* described a mainly sedentary position, Petitioner wrote on the form "large things were carried by others for me," which purportedly indicated one of the accommodations she had in the job. (Dkt. 17 at 3.) Further, Petitioner points to (1) her testimony regarding the accommodations; and (2) the calPERS determination, as additional evidence presented to the ALJ that supports her position that she worked in an accommodated position. (Dkt. 17 at 3–4.)

Substantial evidence supports the ALJ's determination that Petitioner was able to perform her past relevant work as a tax administrator as it was actually performed, with minimal accommodations. While the ALJ referenced the *Disability Report* in his conclusion that Petitioner could perform her past relevant work as actually performed, he also stated "her job as actually performed does not involve tasks that are precluded by the residual functional capacity outlined above." (Dkt. 14-2 at 21.) In determining Petitioner's RFC, the ALJ relied upon the independent medical expert's testimony, Petitioner's own statements, and Petitioner's medical records, as the basis for his conclusion that Petitioner retained the RFC to perform the tasks required in her position as tax administrator.

The independent medical expert testified Petitioner was able to "perform a wide range of light work," and could "stand and/or walk for a total of 6 hours during an 8 hour workday with normal breaks." Petitioner testified she is able to perform many daily tasks, go to the gym, travel to New York City to visit her daughter, and engage in a variety of

**MEMORANDUM DECISION AND ORDER - 11**

social activities. Based on this substantial evidence in the record, the ALJ's finding that Petitioner's RFC did not preclude her from performing her past relevant work as actually performed is properly supported. Although Petitioner's past relevant work included some minimal accommodations, she was capable of performing the job with those accommodations.

3. **Failure to Use Additional Evidence**

Petitioner argues the ALJ erred by not utilizing other sources, such as a Vocational Expert (VE) or the *Dictionary of Occupational Titles*, to determine the physical and mental demands Petitioner's job as a tax administrator actually required. Instead, the ALJ referenced only Petitioner's own description of the accommodated job position in the *Disability Report* as the basis of his determination. (Dkt. 14-2 at 21.)

Vocational expert testimony is optional at step four and is a mandatory source for a determination at step five only. *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). Here, the ALJ did not proceed to step five, because Petitioner was found able to perform past relevant work as it was actually performed. Thus, the ALJ did not have to rely on the testimony of a vocational expert to make his determination that Petitioner was not disabled.

The *Dictionary of Occupational Titles* is primarily used to determine how a job is generally performed in the national economy. *See* SSR 82-61; *Pinto v. Massanari*, 249 F.3d 840 (2001). "The regulations advise an ALJ to first consider past work as actually performed, and then as usually performed." *Pinto v. Massanari*, 249 F.3d 840, 845

(2001). Because the ALJ found Petitioner was able to perform her past relevant work as it was actually performed, and his decision was based on substantial evidence in the record, he was not required to determine whether Petitioner was capable of performing the job as it is generally performed in the national economy.

The ALJ did not err by failing to reference additional sources when making his determination at step four, because substantial evidence in the record supports the finding Petitioner retained the RFC to perform her past relevant work as it was actually performed. Thus the ALJ was not required to analyze whether she could perform past relevant work as it is generally performed in the national economy, and was not required to proceed to step five.

## <u>ORDER</u>

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.

Dated: **March 09, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**